for the stay resulting from this defendant's undertaking, the plaintiff could have compelled the trustee, appellant, to invest part of the principal to better advantage, and thus have produced a larger income for her benefit. That, however, is a consideration entirely foreign to the defendant's contract. The defendant neither guarantied the amount of the income, nor the management of the trust fund. Its contract was that the income actually produced should be paid over to the plaintiff, not the income which might be produced by the exercise of superior judgment on the part of the trustee. Upon the admitted facts, the complaint should have been dismissed, with costs, and judgment given to the defendant upon its counterclaims, namely, that the plaintiff execute and deliver to it an assignment of the judgment for costs which it has paid. As the facts cannot be altered upon a new trial, this should now be the result.

The judgment appealed from is accordingly reversed, with costs, and the complaint dismissed, with costs; and an affirmative judgment as prayed for in its counterclaim is awarded to the defendant. All concur.

<hr />

## In re MURRAY.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

APPLICATION TO SURROGATE—PAYMENT TO PETITIONERS AS NEXT OF KIN.

> The surrogate's order denying application to have paid to petitioners, as next of kin of D., deceased, money left by her, and deposited in the office of the comptroller of the city of New York, no next of kin appearing, will not be reversed, notice having been given to the city only, and the evidence of deceased's identity and petitioners' relationship being the record of the ship A., which arrived in New York in 1849, showing that there was a passenger named D.; her declaration that she came on such ship, that she was a widow, and her declarations as to the name of her parents and place of birth, tending to corroborate petitioners' statement that she was their relative, and they her next of kin; opposed to which, however, was the testimony of one of them, claiming to be the niece of deceased, that the name of her aunt's husband was K. Leave, however, will be given petitioners to renew their application on further proof and notice to the next of kin of D. of the application.

Appeal from surrogate's court, New York county.

In the matter of the goods, chattels, and credits of Mary Murray, otherwise known as Mary Dunne, deceased. Application by Kate Riordan and others to the surrogate to have money left by deceased paid to them as next of kin was denied on report of referee, and they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julian B. Shope, for appellants.

Theodore Connoly, for respondent.

INGRAHAM, J. One Mary Dunne, a widow, whose maiden name was stated to be Mary Murray, died in the city of New York on June 10, 1880, leaving certain personal property, consisting of de-.

posits in savings banks. Her estate was administered by the public administrator, and, no next of kin appearing to claim her estate, the balance, after deducting the expenses of administration, was deposited in the office of the comptroller of the city of New York. On September 15, 1898, 18 years after the death of the deceased, a petition was presented to the surrogate's court, asking that this sum be paid to the petitioners as the next of kin of the deceased. Notice of this petition seems to have been given only to the authorities in the city of New York. No notice, by publication or otherwise, was given to the next of kin of the said Mary Dunne. The proceeding was therefore substantially ex parte, being only defended by the corporation counsel of the city of New York. The evidence of relationship of the petitioners consisted solely of their own testimony, with the exception of certain declarations made by the deceased during her lifetime, and the records of a ship arriving in the city of New York in 1849, in which the deceased had stated she arrived in this country. The matter was referred to a referee, before whom the testimony was taken, and he reported that he was not satisfied that the petitioners were the next of kin of the deceased, and upon that report the surrogate denied the application.

Assuming the testimony given by the petitioners to be true, the case presents some curious incidents. Upon the ship Ashburton, which arrived in New York on June 30, 1849, there were as passengers a Miss Murray, age 30, female, from Ireland; Richard White, age 7, male, from Ireland; Joseph White, age 19, male, from Ireland; Mary Dunne, age 23, female, Ireland; Eliza Dunne, age 4, female, Ireland; and Catherine Murray, female, Ireland. This ship made regular trips between Great Britain and this country for several years. It was also proved that the deceased was always known in this country by the name of Mary Dunne, and she stated that she arrived here in 1849 upon the ship Ashburton, and that she was a widow, and that her maiden name was Murray. It would follow from this, with reasonable certainty, that she was the Mary Dunne on the passenger list of the ship as having arrived on June 30, 1849. One of the petitioners, who claimed to be a sister of the deceased, testified that her sister married in Ireland, but does not mention her husband's name; while another petitioner, who claims to be a niece of the deceased, testified that her aunt's husband's name was George Kearns. This would tend to show that the person who was the relative of the petitioner was not the Mary Dunne whose estate is sought to be distributed in this proceeding. On the other hand, there was evidence, as to the declarations of the deceased respecting the name of her parents and the place of her birth, which would tend to corroborate the statement of the petitioners that the deceased was the relative of the petitioners, and that they were her next of kin. Upon this condition of the record, we do not think that we would be justified in reversing the order of the surrogate, and directing the payment of this money to the petitioners.

The order appealed from is therefore affirmed, with leave, however, to the petitioners to renew the application upon further proof

and notice of the application to be given to the next of kin of Mary Dunne or Mary Murray, by publication or otherwise, as the surrogate should direct, with costs of this appeal. All concur.